FREEMAN et al. v. ABRAMSON.

(Supreme Court, Appellate Term.  December 28, 1899.)

1. PARTNERSHIP—PARTNERSHIP PROPERTY—SALE.

A sale by one of the members of a firm, in the firm name, of all of the firm property, without the knowledge or consent of the other members, and for a purpose not within the scope of the partnership, and not in payment of a firm debt, nor in the regular course of trade, nor as security for an antecedent firm debt, is invalid.

2. SAME—ACTIONS—PARTIES—NONJOINDER.

Under Code Civ. Proc. § 448, providing that, if a party who has a joint interest in a cause of action with others refuses to join as a party plaintiff, he may be joined as a defendant, an action by two of the members of a firm to recover damages for the conversion of partnership property, to which a third member is not joined either as a party plaintiff or defendant, should be dismissed where defendant sets up the defect of parties in his answer.

Appeal from municipal court, borough of Manhattan, First district.

Action by William Freeman and another against Samuel L. Abramson, one of the marshals of the city of New York, for conversion.  From a judgment in favor of the plaintiffs, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Moses Feltenstein, for appellant.

Henry C. Botty, for respondents.

FREEDMAN, P. J.  The facts material to the determination of this appeal are undisputed.  On the 17th day of November, 1898, the plaintiffs herein and one Samuel Meyer, by a written instrument, made and executed by them, entered into a co-partnership, and engaged in the business of cigar dealers.  The firm occupied a store at No. 221 Bowery, in the city of New York, and their stock in trade consisted of cigars, tobacco, stationery, etc.  On the 24th day of December, 1898, Meyers, without the knowledge or consent of his co-partners, and in the firm name, executed an instrument in writing, by which he purported to convey all the stock in trade and firm property to one Joseph F. Reische.  On December 29, 1898, Reische began an action in replevin to recover possession of the property claimed to have been purchased by him of Meyers, in which action Meyers was the sole defendant.  The defendant in this action, one of the marshals of the city of New York, thereupon took possession of the property of the firm of Freeman, Oakley & Meyers, by virtue of the requisition issued in the replevin action of Reische against Meyers.  The present action was then brought against the marshal by Freeman and Oakley for the wrongful taking, detention, delivery, and conversion of the property.  The plaintiffs, at the joining of issue, were met by the allegation interposed in the answer that there was a defect of parties, and at the close of the plaintiffs' case, and at the close of the whole case, the defendant's counsel moved to dismiss the complaint upon the ground

that Meyers should have been made a party plaintiff. These motions were denied, and exceptions duly taken thereto. The testimony is undisputed that the property, for the full value of which the plaintiffs had a judgment, was the property of the plaintiffs and Meyers jointly, as partners. The purported sale by the partner Meyers of all the partnership property, having been made neither for purposes within the scope of the partnership, nor as a transfer of partnership effects to a creditor in payment of a debt, nor as an assignment of firm property in the regular course of its trade and business, nor as security for an antecedent debt, was invalid. Bender v. Hemstreet, 12 Misc. Rep. 621, 34 N. Y. Supp. 423; Welles v. March, 30 N. Y. 344. It follows, then, that Meyers should have been made a party plaintiff, or, in case of his refusal to become such, a party defendant, in this action (section 448, Code Civ. Proc.), and, he not having been made a party, the motion to dismiss the complaint for that reason should have been granted.

Judgment reversed, with costs. All concur.